**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| LUIGI PEZZANO, | Civil No. 01-4815 (FSH) |
| Petitioner, | |
| v. | **O P I N I O N** |
| REUBEN G. JIMENEZ, et al., | |
| Respondents. | |

**APPEARANCES:**

    LUIGI PEZZANO, #310479,
    Kiawah Treatment Center
    Kintock Building III
    50 Fenwick Street
    Newark, New Jersey  07114
    Petitioner pro se

    DEBRA A. OWENS, Deputy Attorney General
    PETER C. HARVEY, ATTORNEY GENERAL OF NEW JERSEY
    Division of Criminal Justice - Appellate Bureau
    P.O. Box 086
    Trenton, New Jersey  08625

**HOCHBERG**, District Judge

    Luigi Pezzano filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254(a).  Respondents filed an Answer, arguing, inter alia, that the Petition is an unexhausted mixed petition and that the claims presented are in any event without merit.  For the reasons expressed below, the Court dismisses the Petition and declines to issue a certificate of appealability. See 28 U.S.C. §§ 2253(c), 2254(a), (b), (c).

## I. BACKGROUND

Petitioner challenges a judgment of conviction entered on May 13, 1999, in the Superior Court of New Jersey, Law Division, Union County, after he waived the right to trial by jury and a judge found him guilty of unlawful possession of a weapon by a person previously convicted of burglary, in violation of N.J. Stat. § 2C:39-7b. The Court sentenced Petitioner to an eight-year term of incarceration to run concurrent with a sentence on an unrelated charge.

Petitioner appealed and by opinion filed March 26, 2001, the Appellate Division of the Superior Court of New Jersey affirmed. The Supreme Court of New Jersey denied certification on September 10, 2001.

On October 11, 2001, Petitioner executed the § 2254 Petition which is now before this Court. The Clerk received it on October 15, 2001, with an application to proceed in forma pauperis. The Court notified Petitioner of the consequences of filing such a Petition under the Antiterrorism and Effective Death Penalty Act ("AEDPA") and gave him an opportunity to withdraw the Petition and file one all-inclusive Petition, pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000).

The Petition presents four grounds, which are set forth verbatim:

> Ground One:  The gun was an illegal search.

> Supporting Facts: The motion court reversibly erred in denying the pre-trial motion to suppress the pistol as evidence because the policy coerced the defendant's "consent" through a show of authority and precluded the defendant from withdrawing his consent once they were inside his home.
>
> Ground Two: Defendant's due process rights under the federal and state constitution erred in misconstructing [sic] the "law of the case" to preclude the defense.
>
> Supporting Facts: The police went beyond in an illegal search for the pistol.
>
> Ground Three: Defendant's trial was bias.
>
> I was convicted and because of bias of court officials they should have been disqualified.
>
> Ground Four: My sentence was excessive.
>
> Supporting Facts: I don't believe that I received a fair sentence.

(Pet. ¶ 12.)

The State filed an Answer opposing the Petition, arguing that the grounds raised do not satisfy the standard for habeas relief and asserting three affirmative defenses, i.e., (1) Grounds One and Two are not cognizable under Stone v. Powell, 428 U.S. 465 (1976); (2) to the extent that Grounds Three and Four raise colorable federal claims, they are unexhausted and the Petition should be dismissed as a mixed petition; Grounds Three and Four are not cognizable because they do not assert federal claims.

## II.   STANDARD OF REVIEW

A habeas corpus petition must meet "heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994) (citing 28 U.S.C. § 2254 Rule 2(c)). The petition must specify all the grounds for relief available to the petitioner, state the facts supporting each ground, and state the relief requested. 28 U.S.C. § 2254 Rule 2(c)(1), (c)(2), (c)(3).

Section 2254(a) of Title 28 of the United States Code gives the court jurisdiction to entertain a habeas petition challenging a state conviction or sentence only where the inmate's custody violates federal law:

> [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

A district court must give deference to determinations of state courts. Duncan v. Morton, 256 F.3d 189, 196 (3d Cir.), cert. denied, 534 U.S. 919 (2001); Dickerson v. Vaughn, 90 F.3d 87, 90 (3d Cir. 1996). Federal courts "must presume that the factual findings of both state trial and appellate courts are correct, a presumption that can only be overcome on the basis of clear and convincing evidence to the contrary." Stevens v. Delaware Correctional Center, 295 F.3d 361, 368 (3d Cir. 2002).

Where a federal claim was "adjudicated on the merits"[1] in state court proceedings, § 2254 does not permit habeas relief unless adjudication of the claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

### III.   DISCUSSION

A.   Jurisdiction

"In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); 28 U.S.C. § 2254(a); accord Barry v. Bergen County Probation Dept., 128 F.3d 152, 159 (3d Cir. 1997). "Federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of

---

[1] "An 'adjudication on the merits' has a well settled meaning: a decision finally resolving the parties' claims, with res judicata effect, that is based on the substance of the claim advanced, rather than on a procedural, or other, ground." Rompilla v. Horn, 355 F.3d 233, 247 (3d Cir. 2004) (quoting Sellan v. Kuhlman, 261 F.3d 303, 311 (2d Cir.2001)).  A state court may render an adjudication or decision on the merits of a federal claim by rejecting the claim without any discussion whatsoever.  Rompilla, 355 F.3d at 247.

5

constitutional dimension." Smith v. Phillips, 455 U.S. 209, 221 (1982). "If a state prisoner alleges no deprivation of a federal right, § 2254 is simply inapplicable. It is unnecessary in such a situation to inquire whether the prisoner preserved his claim before the state courts." Engle v. Isaac, 456 U.S. 107, 120 n.19 (1982).

In reviewing a § 2254 petition, a federal court is not permitted to address a federal constitutional claim pertinent to the facts of the case unless the petitioner asserts the claim as a ground for relief.[2] Nor may the Court recharacterize a ground asserted under state law into a federal constitutional claim.[3]

---

[2] See, e.g., Withrow v. Williams, 507 U.S. 680, 695-96 (1993) (where habeas petition raised claim that the police had elicited petitioner's statements without satisfying Miranda, the district court erred when it "went beyond the habeas petition and found the statements [petitioner] made after receiving the Miranda warnings to be involuntary under due process criteria"); Baker v. Barbo, 177 F.3d 149, 156 n.7 (3d Cir. 1999) (where petition contains ground asserting the ineffective assistance of counsel during plea negotiations and trial, court is not permitted to consider ground, evident from the facts but not raised in the petition, that appellate counsel was ineffective by failing to advise petitioner that he faced a longer sentence by appealing the conviction).

[3] See Engle, 456 U.S. at 119-20 & n.19 (insofar as petitioners simply challenged the correctness of the self-defense instructions under state law, their petitions alleged no deprivation of federal rights and § 2254 was inapplicable); Kontakis v. Beyer, 19 F.3d 110, 116-17 & n.10 (3d Cir. 1994) (where petitioner asserted in § 2254 petition that the exclusion of testimony violated his rights under state law, federal court may not consider ground, not set forth in the petition, that exclusion of the testimony violated his federal due process rights).

"[E]rrors of state law cannot be repackaged as federal errors simply by citing the Due Process Clause." Johnson v. Rosemeyer, 117 F.3d 104, 110 (3d Cir. 1997). Moreover, "it is well established that a state court's misapplication of its own law does not generally raise a constitutional claim." Smith v. Horn, 120 F.3d 400, 414 (3d Cir. 1997) (citations and internal quotation marks omitted); see also Smith v. Zimmerman, 768 F.2d 69, 71, 73 (3d Cir. 1985).

In Ground Three, Petitioner challenges his conviction on the ground that the trial judge should have disqualified himself sua sponte on the basis of bias. This Court lacks jurisdiction over this ground because the judge's failure to sua sponte disqualify himself does not rise to the level of a constitutional claim. See Liteky v. United States, 510 U.S. 540, 551 (1994) ("Also not subject to deprecatory characterization as 'bias' or 'prejudice' are opinions held by judges as a result of what they learned in earlier proceedings. It has long been regarded as normal and proper for a judge to sit in the same case upon its remand, and to sit in successive trials involving the same defendant"); United States v. Schreiber, 599 F.2d 534 (3d Cir. 1979) (trial judge did not commit plain error in failing sua sponte to recuse himself in a non-jury criminal trial where judge had previously presided over a jury trial in which same defendant had been found guilty of similar charges).

In Ground Four, Petitioner asserts that his sentence of eight years imprisonment was excessive and unfair.  Absent a claim that the sentence constitutes cruel and unusual punishment prohibited by the Eighth Amendment or that it is arbitrary or otherwise in violation of due process, the legality of a sentence is a question of state law.  See Chapman v. United States, 500 U.S. 453, 465 (1991); Gryger v. Burke, 334 U.S. 728, 731 (1948); Jones v. Superintendent of Rahway State Prison, 725 F.2d 40, 42-43 (3d Cir. 1984).  Ground Four is not cognizable under § 2254 because it does not assert a federal constitutional claim.

B. Non-Cognizable Claims

In Ground One, Petitioner contends that the pistol should not have been admitted into evidence because the police coerced Petitioner's consent through a show of authority and did not allow Petitioner to withdraw his consent once they were inside the house.  In Ground Two, Petitioner challenges the admissibility of the pistol on the ground that the search went beyond the scope of his consent.  The Court construes these claims under the Fourth Amendment, applicable to states through the Due Process Clause of the Fourteenth Amendment.  However, "a federal court need not apply the exclusionary rule on habeas review of a Fourth Amendment claim absent a showing that the state prisoner was denied an opportunity for a full and fair litigation of that claim at trial and on direct review.  Our

decision does not mean that the federal court lacks jurisdiction over such a claim, but only that the application of the rule is limited to cases in which there has been both such a showing and a Fourth Amendment violation." Stone v. Powell, 428 U.S. 465, 495 n.37 (1976); see also Gilmore v. Marks, 799 F.2d 51, 57 (3d Cir. 1986) ("an erroneous determination of a habeas petitioner's Fourth Amendment claim does not overcome the Stone v. Powell bar").

The state court record shows that the Superior Court of New Jersey, Law Division, conducted an evidentiary hearing on Petitioner's motion to suppress the pistol. (Ex. 9 to Answer.) The Law Division found "that in fact there was no coercion and the consent was freely given knowing he had a right to refuse and that [the] consent was valid.  The police had a right to search and seize property pursuant to the consent."  (Ex. 9 to Answer at T68-6 to 10).  Petitioner raised Ground Two, the scope of the consent claim, again at trial, and the trial judge ruled that the suppression motion judge's decision was the law of the case and precluded further inquiry.

Petitioner raised both grounds again on direct appeal to the Appellate Division and the Supreme Court of New Jersey.  The Appellate Division opinion analyzed the claims and determined that the consent was voluntarily given and without coercion, and that the generalized consent was not so narrow as to preclude the

9

officers from searching areas which ultimately produced the handgun.  (Ex. 4 to Answer at pp. 6-7.)

This Court finds that Petitioner had a full and fair opportunity to litigate his search and seizure claims and that, under Stone v. Powell, Grounds One and Two are not cognizable in this habeas proceeding. The Court has thoroughly reviewed each of the remaining grounds raised in the Petition and determined that habeas relief is not warranted.  The Court will therefore dismiss the Petition with prejudice.

## C.  Certificate of Appealability

The Court denies a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2).  See Miller-El v. Cockrell, 537 U.S. 322 (2003).

## IV.  CONCLUSION

Based on the foregoing, the Court dismisses the Petition and declines to issue a certificate of appealability under 28 U.S.C. § 2253(c).

                                                      /s/ Faith S. Hochberg
                                                  FAITH S. HOCHBERG, U.S.D.J.

DATED:  October 26, 2005